**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:11-CV-501 (MTT)** |
| | ) | |
| **CAROLYN WYNETTE BLACK and STEPHEN TAUNTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant Stephen Taunton's Motion for Judgment on the Pleadings (Doc. 20), Plaintiff Metropolitan Life Insurance Company's ("MetLife") Motion for Discharge, Motion to Dismiss, and Motion for Permanent Injunction (Doc. 15), and Taunton's Motion for Entry of Default (Doc. 13).

Having reviewed and duly considered the entire record in this case, Taunton's Motion for Judgment on the Pleadings is hereby **GRANTED**.

Accordingly, judgment shall be entered in favor of Defendant Taunton and against Defendant Carolyn Wynette Black pursuant to 28 U.S.C. § 2201(a) declaring that:

(a) Defendant Stephen Taunton, and not Defendant Carolyn Wynette Black, is the proper beneficiary of the $10,000.00 plus applicable interest payable by reason of John Black having been enrolled under the Delta Family Care Disability and Survivorship Plan for life insurance coverage at the time of his death on January 25,

2011;

(b) Defendant Stephen Taunton, and not Defendant Carolyn Wynette Black, is entitled to the $10,000.00 plus applicable interest payable by reason of John Black having been enrolled under the Delta Family Care Disability and Survivorship Plan for life insurance coverage at the time of his death on January 25, 2011;

(c) Defendant Stephen Taunton, and not Defendant Carolyn Wynette Black, is entitled to the funds the Clerk received in this case from MetLife on January 24, 2012, plus any interest that has accrued on those funds since January 24, 2012; and

(d) The funds the Clerk received in this case from MetLife on January 24, 2012, plus any interest that has accrued on those funds since January 24, 2012, shall be paid instanter to Defendant Stephen Taunton, and not Defendant Carolyn Wynette Black.

With regard to MetLife's Motion for Discharge and Motion for Dismissal, MetLife has fulfilled its obligations by depositing the funds into the registry of the Court. Accordingly, MetLife's Motion for Discharge and Motion to Dismiss are **GRANTED**.

With regard to MetLife's Motion for Permanent Injunction, "[s]ection 2361 [of Title 28] only authorizes injunctions against other judicial proceedings in statutory-interpleader actions; it does not apply to rule interpleader."  Wright, Miller, & Kane, 7 Fed. Prac. & Proc. Civ. § 1717 (3d ed.).  The Anti-Injunction Act allows federal courts to enjoin state court proceedings "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  However, every plaintiff in a rule interpleader action who seeks an injunction could argue for the exception, and this would effectively swallow the rule.  "Simply put, entry of an injunction in the rule interpleader context is at best problematic...."  *Am. Gen. Life Ins. Co. v. Jones*, 2008

WL 4949847, at *2 (S.D. Ala.).  Here, MetLife has asserted no facts that suggest an injunction is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Accordingly, MetLife's Motion for Permanent Injunction is **DENIED**.  *Accord id.* (denying permanent injunctive relief in diversity of citizenship rule interpleader action); *Harris Corp. v. Dunn*, 2006 WL 2691541 (M.D. Fla.) (denying permanent injunctive relief in ERISA rule interpleader action).

Because the Court has granted Taunton's Motion for Judgment on the Pleadings, his Motion for Entry of Default is **DENIED as moot**.

SO ORDERED, this 4th day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT